# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Antonio Camilo Mendez Oreilly,

      Petitioner

v.

Pam Bondi,

      Respondent

Case No.: 2:26-cv-00278-GMN-EJY

**ORDER**

Petitioner Antonio Camilo Mendez Oreilly, immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, an Application to Proceed *In Forma Pauperis* (IFP), and a Motion for Appointment of Counsel. ECF Nos. 1, 1-1, 1-2. First, the Court finds that good cause exists to grant the IFP application.

The Court finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1]  Here, Petitioner is unrepresented and stands to lose his right to an adjudication of his Petition on the merits due to ignorance of technical procedural requirements.  In addition, this case concerns immigration proceedings and removal, thus the outcome of this litigation is likely to have serious consequences for Petitioner.  The Court therefore finds that appointment of counsel is in the interests of justice and grants Oreilly's Motion.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). Indeed, the court may appoint counsel at any stage of the proceedings if the interests of justice so require. *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.

Following a preliminary review of the Petition, the Court directs that the Petition be served on Respondent and other interested parties.

**IT IS HEREBY ORDERED** that the IFP Application (ECF No. 1) is granted.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 1-2) is granted.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within 7 days of the date of this Order.  If the Federal Public Defender is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send a copy of this order to the Federal Public Defender and the CJA coordinator for this division.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to:

1. **DELIVER** a copy of the Petition (ECF No. 1-1) and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

3. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to the United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, Summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

4. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to

counsel for proper respondent John Mattos: Ashlee Hesman at ahesman@strucklove.com and Jacob Brady Lee at JLee@strucklove.com.

5. **MAIL** a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

1) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

2) John Mattos, Warden, Nevada Southern Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of the Petition (ECF No. 1-1) and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United State Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the FPD will have 14 days from the date of entry of this order to file an amended petition for writ of habeas corpus.  The amended petition should name all proper respondents.

**IT IS FURTHER ORDERED** that Petitioner shall not be transferred out of this District. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").  Given the exigent circumstances, I find that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER ORDERED** that counsel for Respondents file a notice of appearance within 7 days of the date of this Order and file and serve their response to the amended petition within 7 days of service, unless additional time is allowed for good cause shown.

**IT IS FURTHER ORDERED** that Respondents must file with their response any documents referenced or relied upon in their responsive pleading.  If Respondents' asserted basis

for detaining Petitioner is reflected in any documents in their possession, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and removal proceedings, Respondents must so indicate and file said documents with their pleading.  If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their response.

**IT IS FURTHER ORDERED** that Petitioner have 7 days following the filing of the response to file a reply.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible.  Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension.  Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

DATED:   February 9, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE